**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 3 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRINITA LATTIMORE, | No. 17-56819 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-02156-PSG-KK |
| v. | |
| EURAMAX INTERNATIONAL, INC.; DOES, 1-25, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted May 16, 2019
Pasadena, California

Before: LIPEZ,** WARDLAW, and HURWITZ, Circuit Judges.

Trinita Lattimore appeals the district court's grant of summary judgment in

favor of Euramax International, Inc. on her claims arising out of the termination of

her employment. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Kermit V. Lipez, United States Circuit Judge for the
First Circuit, sitting by designation.

1.     The district court did not err by granting summary judgment on Lattimore's disability discrimination and retaliation claims under California's Fair Employment and Housing Act (FEHA) and Family Rights Act (CFRA).  Lattimore failed to produce evidence sufficient to raise a genuine issue of material fact as to pretext.  *See Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113–14 (Cal. 2000); *Bareno v. San Diego Cmty. Coll. Dist.*, 212 Cal. Rptr. 3d 682, 691–92 (Ct. App. 2017).  Euramax decided to terminate her employment before learning of her disability as part of reorganizing its human resources department, which negates any causal link between her termination and her disability.  *See Arteaga v. Brink's, Inc.*, 77 Cal. Rptr. 3d 654, 675 (Ct. App. 2008); *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001) (per curiam).  Moreover, consistent with its reorganization plan, Euramax terminated the employment of a similarly situated, non-disabled employee who, like Lattimore, had previous performance issues and worked out of a location other than the business unit that she supported.  *See Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1094 (9th Cir. 2001) (noting that "evidence [that] shows that at least one other similarly situated employee . . . was treated in a similar manner as [the plaintiff] . . . negat[es] any showing of pretext").

Lattimore relies in part upon the close temporal proximity of the disclosure of her disability to Euramax on February 4, 2016, her requests for medical leave on March 21 and April 30, 2016, and her termination on June 10, 2016.  This temporal

2

proximity alone is insufficient to raise a triable issue as to pretext. *See Arteaga*, 77 Cal. Rptr. 3d at 675. Lattimore's other purported evidence of pretext is not "specific and substantial" as required to overcome Euramax's motion for summary judgment. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002).

2.     The district court did not err by granting summary judgment on Lattimore's failure to accommodate claim. Euramax did not fail to provide Lattimore any reasonable accommodation. *See Nealy v. City of Santa Monica*, 184 Cal. Rptr. 3d 9, 19 (Ct. App. 2015). An extension of Lattimore's medical leave beyond June 10, 2016, was not a reasonable accommodation because it would not have "allow[ed] [her] to return to work at the end of the leave," because Euramax had already terminated her employment. Cal. Code Regs. tit. 2, § 11068(c). And because her termination was based on a legitimate business reason, Euramax was under no obligation to transfer her to a vacant position as a reasonable accommodation for her disability. *See id*. § 11068(d); *Nealy*, 184 Cal. Rptr. 3d at 22–23.

3.     The district court did not err by granting summary judgment on Lattimore's wrongful termination and failure to prevent discrimination/retaliation claims, which are derivative of her discrimination and retaliation claims. *See Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 748–49 (9th Cir. 2011). Similarly, the district court did not err by failing to address punitive damages, as it

had granted summary judgment in favor of Euramax on all of Lattimore's claims. *See* Cal. Civ. Code § 3294(a); *Uzyel v. Kadisha*, 116 Cal. Rptr. 3d 244, 290 (Ct. App. 2010).

    **AFFIRMED.**